SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
TODD GOLDMAN,

                        Plaintiff,                    Index No.: 158800/2023

      -against-

                                                        **AMENDED COMPLAINT**

ELI WEISMAN,

                        Defendant,
-----------------------------------------------------------------X

      PLAINTIFF TODD GOLDMAN, by and through his attorneys the Law Office of Victor M. Feraru, as and for his Amended Complaint against DEFENDANT ELI WEISMAN, upon information and belief, alleges the following:

### PARTIES

    1.      Plaintiff Todd Goldman ("Plaintiff") is an individual who maintains an office located at 1410 Broadway, Suite #601, New York, New York 10018.

    2.      Defendant Eli Weisman ("Defendant") is an individual who, upon information and belief, lives and resides in Venice Beach California, and is the owner of Quality Fine Art Auctions, Inc. ("Q Art"), a company incorporated under the laws of the State of California.

### FACTS

    3.      On August 10, 2023, the New York Post published an article regarding an ongoing legal matter between the Parties.[1] The aforementioned article contains various defamatory statements attributed to Defendant via a letter in their alleged response to the demand letter produced on behalf of Plaintiff.

    4.      Defendant alleges that "'it's a complete falsehood' that he and Revivo produced fake copies of Plaintiff's works."

---

[1] Priscilla DeGregory, Artist Todd Goldman files $55M suit against ex-pal, businessman for 'stealing' hundreds of paintings, New York Post (Aug. 10, 2023), https://nypost.com/2023/08/10/artist-todd-goldman-sues-two-men-for-55m-in-art-theft/

5. Defendant then claims that he and his company have been victims of an **extortion** attempt by claiming Defendant "has only ever been issued three demand letters, which were all from Plaintiff, "during his divorce, during his bankruptcy, and this *latest attempted extortion…*"

6. Additionally, Defendant claims that his company has never reproduced Plaintiff's paintings nor reproduced Plaintiff's signature, while further contending that any reproductions they had were published by a prior company that worked with Plaintiff.

7. As a result of Defendant's statements being published, Plaintiff's reputation within the artistic community has been irreparably damaged, which has caused Plaintiff substantial harm. Of note, reputation management is of the utmost importance within the artistic community as their livelihood is almost entirely dependent on their good standing, integrity and professionalism.

8. As a result of Defendant's statements alleging Plaintiff has committed serious criminal acts, to wit: Extortion, Plaintiff's reputation has been seriously undermined and besmirched, and it is unclear if Plaintiff's goodwill can be repaired or recovered. Consequently, Plaintiff's efforts over a lifetime have become irreparably tarnished, costing Plaintiff countless business and networking opportunities after being labeled as a con artist and extortionist.

**AS AND FOR A FIRST CAUSE OF ACTION**
**DEFAMATION/LIBEL**

9. Plaintiff restates the above-mentioned paragraphs with the same force and effect as if stated herein.

10. Defendant has knowingly made and published false statements purporting to be facts about Plaintiffs to third persons. Such publication occurred on the New York Post on the internet, of which has worldwide distribution.

11. No privilege, absolute or conditional, attaches to Defendant's false and defamatory statements, which have caused damages to Plaintiffs' reputation.

12. Each of the aforementioned acts constitutes defamation and has caused irreparable harm to Plaintiffs.

13. Unless enjoined by this Court, Defendant's acts will continue to cause irreparable harm to Plaintiffs for which there is no adequate remedy at law.

WHEREFORE, PLAINTIFF respectfully demands judgment as against Defendants, in favor of Plaintiff in the amount of FIFTY THOUSAND ($50,000.00) DOLLARS, together with costs, disbursements and attorneys fees in this action.

## AS AND FOR A SECOND CAUSE OF ACTION
## DEFAMATION PER SE

14. Plaintiff restates the above-mentioned paragraphs with the same force and effect as if stated herein.

15. Defendant's false and published statements accuse Plaintiffs of committing serious crimes and negatively affect Plaintiff in their artistic business venture, including damaging Plaintiff's reputation and goodwill.

16. Defendant made these statements with knowledge of their falsity.

17. Each of the aforementioned acts constitutes defamation per se and has caused Plaintiff irreparable harm.

18. Unless enjoined by this Court, Defendant's acts will continue to cause irreparable harm to Plaintiff for which there is no adequate remedy at law.

WHEREFORE, PLAINTIFF respectfully demands judgment as against Defendants, in favor of Plaintiff in the amount of FIFTY THOUSAND ($50,000.00) DOLLARS, together with costs, disbursements and attorneys fees in this action.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff requests the following relief:

a.  As to the First Cause of Action, PLAINTIFF demands judgment against DEFENDANT, in favor of PLAINTIFF, in an amount to be determined by the Court but in no event less than FIFTY THOUSAND ($50,000.00) DOLLARS.

b.  As to the Second Cause of Action, PLAINTIFF demands judgment against DEFENDANT, in favor of PLAINTIFF, in an amount to be determined by the Court but in no event less than FIFTY THOUSAND ($50,000.00) DOLLARS.

c.  Costs, disbursements and legal fees associated with prosecuting this action.

d.  Such other and further relief that this Court deems to be just and equitable.

Dated: December 13, 2023
Garden City, New York

           LAW OFFICE OF VICTOR M. FERARU

           /s/Victor M. Feraru/s/
           *Attorney for Plaintiff*
           Todd Goldman
           Victor M. Feraru
           1225 Franklin Avenue, Suite 325
           Garden City, NY 11530
           T: (516) 699-2285
           E: victor@vicslaw.com

## Verification

    VICTOR M. FERARU, Esq., attorney for the above mentioned Plaintiff, an attorney duly licensed to practice law before the courts of the State of New York, under penalties of perjury, upon information and belief, that I have read the attached Summons and Complaint and believe the same to be true and correct. The basis of my belief is the file maintained by my office, and interviews with Plaintiff.

    The reason the Plaintiffs have not verified themselves is that they are currently not located in the County in which I have my office.

Dated: December 13, 2023
    Garden City, New York                 /s/Victor M. Feraru/s/
                                                      Victor M. Feraru, Esq.