UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TODD GOLDMAN,

                Plaintiff,

– against –

ELI WEISMAN,

                Defendant.

**OPINION & ORDER**

23-CV-09602 (ER)

RAMOS, D.J.:

    Todd Goldman brings this diversity action for defamation against Eli Weisman. Doc. 22. Before the Court is Mr. Weisman's unopposed motion to dismiss the case for, among other reasons[1], insufficient service of process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. Doc. 25. For the reasons set forth below, the motion is GRANTED.

I.     FACTUAL BACKGROUND

    This action arises from an article ("Article") published by the New York Post on August 10, 2023. Doc. 22 ¶ 13. The Article discusses a separate lawsuit filed by Goldman, an artist, against Weisman, his former art dealer ("Related Action"). *See* Doc. 25-4.

    The Related Action, which was pending at the time, alleges that Weisman, along with other named defendants, sold fake copies of Goldman's work. Doc. 3-1 ¶¶ 89, 96, 100. Notably, the Related Action was dismissed in September of 2024 due to insufficient service of process. Doc. 33.

    In the Article, Weisman is quoted as saying that the allegations made by Goldman in the Related Action are "a complete falsehood" and that the demand letters sent by

---

[1] Weisman additionally moves to dismiss pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 25.

Goldman in connection to the Related Action are an "attempted extortion." Doc. 22 ¶¶ 14, 15. On the basis of these statements, Goldman sued Weisman for defamation. *Id.* ¶¶ 17, 18.

## II. PROCEDURAL BACKGROUND

On September 6, 2023, Goldman filed a summons in New York state court. Doc. 1-1. He filed an accompanying affidavit of service on October 2, 2023. Doc. 1-2. The affidavit stated that the summons with notice had been served on "Eli Weisman"—described as being in his 50s, weighing approximately 160 pounds and 5'10"—at his office located at 5300 West 83rd Street, Los Angeles, California on September 16, 2023. *Id.* This was the only proof of service filed in the case. Doc. 25-1 at 7.

On October 25, 2023, Goldman filed a complaint in state court. Doc. 1-4. Shortly thereafter, on November 1, 2023, Weisman removed the case to this Court. Doc. 1.

An initial pretrial conference was held on December 13, 2023. Doc. 4. Goldman represented that he intended to amend his complaint to demand damages of less than $75,000, below the threshold required for diversity jurisdiction. Doc. 8 at 1. For this reason, Goldman also sought leave to move for remand. *Id.* The Court directed Goldman to file an amended complaint and motion for remand by December 15, 2023. *Id.*

On December 13, 2023, Goldman filed a letter-motion to which he purported to attach an amended complaint. Doc. 5. But nothing was attached. *Id.*

On December 14, 2023, Goldman filed a document titled "first amended complaint." Doc. 7. Because the document's caption reflected the New York state court case rather than the instant federal action, the filing was rejected. Doc. 8 at 1. On December 15, 2023, Goldman was notified of the deficiency and directed to refile. Dec. 15, 2024 Docket Text. He did not do so. Doc. 8 at 1.

The next pretrial conference was held on February 13, 2024. Doc. 13. Goldman was granted leave to file a second amended complaint by February 20, 2024. Feb. 13, 2024 Minute Entry. Two weeks later, Goldman filed a document titled "third amended

complaint." Doc. 14. Thus, in addition to being one week late, the filing was mislabeled. *Id.* It was rejected as a result. Feb. 28, 2024 Docket Text.

Goldman was directed to refile a properly titled second amended complaint by March 7, 2024. Doc. 17. Instead, Goldman filed a document still titled "third amended complaint" on March 8, 2024. Doc. 18. It was again rejected as untimely and mislabeled. Mar. 11, 2024 Docket Text.

On March 12, 2024, without correcting the title or seeking leave of Court for the untimely filing, Goldman attempted to refile the same document. Doc. 19. It was—for a third time—rejected as untimely and mislabeled. Mar. 13, 2024 Docket Text.

The Court ordered Goldman to file a second amended complaint, properly titled as "second amended complaint," by March 18, 2024. Doc. 21. On March 20, 2024, Goldman filed a document titled "second amended complaint." Doc. 22. The Court accepted the late filing. Doc. 24 at 1.

On April 17, 2024, Weisman filed the instant motion to dismiss for insufficient service of process. Doc 25-1. Weisman additionally filed an affidavit denying receipt of service. Doc. 25-2.

Goldman was directed to file his opposition papers by May 8, 2024. Doc. 24 at 2. When he did not do so, the Court, *sua sponte*, granted an extension to May 20, 2024; Goldman was informed that the motion would be deemed fully briefed after this point. Doc. 27 at 1. He missed this deadline as well.

On June 27, 2024, Goldman filed a letter-motion requesting an extension of time to file his opposition. Doc. 28. The Court granted an extension until July 15, 2024, and noted that no further extensions would be granted except for good cause shown. Doc. 29 at 1. Goldman never filed an opposition or requested an extension.

### III. LEGAL STANDARD

Pursuant to Rule 12(b)(5), a case may be dismissed upon a finding that the defendant was not adequately served with process. *See* Fed. R. Civ. P. 12(b)(5). "In

3

deciding a Rule 12(b)(5) motion, a Court must look to Rule 4, which governs the content, issuance, and service of a summons." *DeLuca v. AccessIT Group, Inc.*, 695 F.Supp.2d 54, 64 (S.D.N.Y. 2010). Pursuant to Rule 4:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

An affidavit of service creates a presumption of proper service. *See Old Republic Insurance Co. v. Pacific Financial Services of America, Inc.*, 301 F.3d 54, 57 (2d Cir. 2002). But this presumption can be rebutted by a defendant's sworn denial of service, provided that the defendant swears to specific facts contradicting those in the affidavit of service. *Id.* at 57–58.

When a defendant challenges service of process, the plaintiff bears the burden of proving its adequacy. *DeLuca*, 695 F. Supp.2d, 64–65 (quoting *Howard v. Klynveld Peat Marwick Goerdeler*, 977 F. Supp. 654, 658 (S.D.N.Y.1997), *aff'd*, 173 F.3d 844 (2d Cir.1999)). "Conclusory statements are insufficient to overcome a defendant's sworn affidavit that he was not served." *Darden v. DaimlerChrysler North America Holding Corp.*, 191 F.Supp.2d 382, 387 (S.D.N.Y. 2002).

IV.   **DISCUSSION**

Weisman contends that the affidavit of service filed by Goldman is "either mistaken or blatantly false." Doc. 25-1 at 8. In support of this, Weisman has submitted an affidavit denying receipt of service and identifying several infirmities with Goldman's affidavit of service. Doc. 25-2.

Here, Goldman filed an affidavit from a process server stating that Weisman was personally served the summons with notice. Doc. 1-2. The affidavit of service describes the individual served as being in his 50's, weighing approximately 160 pounds, and

4

5'10". *Id.* But Weisman asserts in his affidavit that he is in his 40's, weighs approximately 230 pounds, and is 6'4". Doc. 25-2 ¶ 6. The affidavit of service further states that Weisman was served at his office on September 16, 2023. Doc. 1-2. But, as Weisman explains, September 16, 2023 was both the sabbath and Rosh Hashanah; as an observant Orthodox Jew, he was attending synagogue and could not have been served at his office, which was closed for the holiday. Doc. 25-2 ¶¶ 7–10. Because this affidavit includes "specific facts" that contravene those alleged in the affidavit of service, the Court finds that Weisman has successfully rebutted any presumption of proper service. *See Old Republic Insurance Co.*, 301 F.3d, 57.

On this record, the Court finds that service of process was inadequate. Goldman did not serve summons on Weisman within the 90-day period prescribed by Rule 4(m) and lacks good cause for failing to so do. Accordingly, Weisman's motion to dismiss is granted.

## V.     CONCLUSION

For the foregoing reasons, the Court DISMISSES this action without prejudice. The Clerk of Court is respectfully directed to terminate the motions, Docs. 25 and 28, and close the case.

It is SO ORDERED.

Dated:   February 10, 2025
         New York, New York

                                          EDGARDO RAMOS, U.S.D.J.